UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAVON PIERCE, | No. EDCV 11-1485-VAP (CW) |
| Petitioner, | ORDER OF DISMISSAL |
| v. | |
| HEDGPETH (WARDEN), | |
| Respondent. | |

The pro se petitioner is a prisoner in state custody pursuant to a 2006 conviction in California Superior Court, Riverside County, Case No. SWF 002212. The validity of this conviction (and sentence) is the subject of a habeas petition filed by Petitioner under 28 U.S.C. § 2254 which is still pending in this court as Pierce v. Sullivan, No. EDCV 09-310-VAP (CW).[1] The present petition, ordered filed on

---

[1] By way of historical background, the court appointed counsel to represent Petitioner in Case No. EDCV 09-310. [See Minute Orders dated September 3 and September 22, 2010 (docket numbers 50 and 51, respectively).] On February 28, 2011, Petitioner filed a request for the "immediate removal" of appointed counsel; on the same day, appointed counsel filed an ex parte application to be relieved as
(continued...)

September 15, 2011, is the fourth filed by Petitioner in this court which challenges the same conviction and sentence.[2]

### DISCUSSION

A federal district court may entertain a habeas petition on behalf of a person who is in custody under a state court judgment and in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. 2254(a). The court need neither grant the writ nor order a return if it appears from the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2243; Rule 4, Rules Governing Section 2254 Cases, 28 foll. § 2254. A federal habeas petitioner is required to "specify all the grounds for relief which are available to the petitioner" and should address the judgment or judgments of a single state court. Rule 2(c)-(d), 28 foll. § 2254. If a petition does not substantially comply with Rule 2 it may be rejected with a statement of the reason for its rejection. Rule 2(e), 28 foll.

---

[1] (...continued) counsel. [See docket numbers 65 and 66.] In a minute order dated March 23, 2011, the court granted counsel's application and recognized Petitioner's election to proceed and remain pro se. [See docket number 68.] Not long after, Petitioner filed a motion for discovery, during the pendency of which Petitioner lodged the instant pro se petition on May 13, 2011. On September 8, 2011, the court denied Petitioner's motion for discovery in Case No. EDCV 09-310, and took that case under submission on the existing record.

[2] On September 13, 2011, judgment was entered on the third petition filed by Petitioner challenging this conviction, Pierce v. Hedgepeth, EDCV 10-820-VAP (CW), dismissing the petition as duplicative, without prejudice to Petitioner filing a motion for leave to amend in Case No. EDCV 09-310. Previously, judgment was entered on April 29, 2010, similarly dismissing the second petition, Pierce v. Hedgpeth (Warden), EDCV 10-474-VAP (CW); a certificate of appealability was denied by the Ninth Circuit in that matter on June 15, 2011. To date, Petitioner has not filed a motion for leave to amend (or supplement) his Petition in Case No. EDCV 09-310.

§ 2254. A petition may be amended or supplemented as provided by rule. 28 U.S.C. 2242; Rule 11, 28 foll. § 2254; Rule 15, Federal Rules of Civil Procedure.

Under the applicable rules and statutes, Petitioner should have included all of his claims for federal habeas relief from the same state conviction in his prior and pending petition. There is no indication that Petitioner has any claims, cognizable on federal habeas review, that could be raised in the present action but not in No. EDCV 09-310. Rather than filing the present new petition, Petitioner should have filed a motion for leave to amend in No. EDCV 09-310. There is no evident reason why he cannot now move to amend the prior petition in order to include the new claims, provided that he has met the other requirements for presenting habeas claims in federal court, such as the requirement of first exhausting state court remedies, see 28 U.S.C. § 2254(b)-(c), and the statute of limitations at 28 U.S.C. § 2244(d). If Petitioner is able to amend the pending petition in Case No. EDCV 09-310 to include any new claims from the present petition, the new claims would receive the same consideration that they would if presented in a separate action.

The court has discretion to dismiss a pleading "that merely repeats pending or previously litigated claims." Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995). The present petition can, at most, only repeat claims that have been or should have been raised in Petitioner's pending, previously filed action. Therefore, the present petition should be summarily dismissed.

If Petitioner wants to litigate his new claims, he should file, in Case NO. EDCV 09-310, a motion for leave to amend in which he clearly identifies the new claims he seeks to add, and shows that they

3

are exhausted and timely.

**ORDERS:**

It is therefore **ORDERED** that judgment be entered dismissing this action as duplicating Case No. EDCV 09-310. Dismissal is without prejudice to filing a motion for leave to amend in No. EDCV 09-310.

DATED: Sept 22 2011

*Virginia A. Phillips*
VIRGINIA A. PHILLIPS
United States District Judge

Presented by:
Dated: September 21, 2011

*Carla M. Woehrle*
CARLA M. WOEHRLE
United States Magistrate Judge